# EXHIBIT 11

**CAYMAN ISLANDS**



**Grand Court Act**

**(2015 Revision)**

# GRAND COURT RULES

**(2022 Consolidation)**

# VOLUME I - ORDERS

# ORDER 24

# DISCOVERY

### I. DOCUMENTARY DISCOVERY

**Mutual discovery of documents (O.24, r.1)**

**1**.  (1)  After the close of pleadings in an action begun by writ there shall, subject to and in accordance with the provisions of this Order, be discovery by the parties to the action of the documents which are or have been in their possession, custody or power relating to matters in question in the action.

(2)  Nothing in this Order shall be taken as preventing the parties to an action agreeing to dispense with or limit the discovery of documents which they would otherwise be required to make to each other.

**Discovery by parties without order (O.24, r.2)**

**2**.  (1)  Subject to the provisions of this rule and of rule 4, the parties to an action between whom pleadings are closed must make discovery by exchanging lists of documents and, accordingly, each party must, within 14 days after the pleadings in the action are deemed to be closed as between that party and any other party, make and serve on that other party a list of the documents which are or have been in the party's possession, custody or power relating to any matter in question between them in the action.

Without prejudice to any directions given by the Court under Order 16, rule 4, this paragraph shall not apply in third party proceedings, including proceedings under that Order involving fourth or subsequent parties.

(2)  Unless the Court otherwise orders, a defendant to an action arising out of an accident on land due to a collision or apprehended collision involving a vehicle shall not make discovery of any documents to the plaintiff under paragraph (1).

(3)  Paragraph (1) shall not be taken as requiring a defendant to an action for the recovery of any penalty recoverable by virtue of any enactment to make discovery of any documents.

(4)  Paragraphs (2) and (3) shall apply in relation to a counterclaim as they apply in relation to an action but with the substitution, for the reference in paragraph (2) to the plaintiff, of a reference to the party making the counterclaim.

(5)  On the application of any party required by this rule to make discovery of documents, the Court may —

(a)  order that the parties to the action or any of them shall make discovery under paragraph (1) of such documents or classes of documents only, or



        as to such only of the matters in question, as may be specified in the order; or

    (b)  if satisfied that discovery by all or any of the parties is not necessary, or not necessary at that stage of the action, order that there shall be no discovery of documents by any or all of the parties either at all or at that stage,

and the Court shall make such an order if and so far as it is of opinion that discovery is not necessary either for disposing fairly of the action or for saving costs.

(6) An application for an order under paragraph (5) must be by summons, and the summons must be taken out before the expiration of the period within which by virtue of this rule discovery of documents in the action is required to be made.

(7) Any party to whom discovery of documents is required to be made under this rule may, at any time before the summons for directions in the action is taken out, serve on the party required to make such discovery a notice requiring that party to make an affidavit verifying the list the party is required to make under paragraph (1), and the party on whom such a notice is served must, within 14 days after service of the notice, make and file an affidavit in compliance with the notice and serve a copy of the affidavit on the party by whom the notice was served.

**Order for discovery (O.24, r.3)**

**3**. (1) Subject to the provisions of this rule and of rules 4 and 8, the Court may order any party to a cause or matter (whether begun by writ, originating summons or otherwise) to make and serve on any other party a list of the documents which are or have been in the party's possession, custody or power relating to any matter in question in the cause or matter, and may at the same time or subsequently also order the party to make and file an affidavit verifying such a list and to serve a copy thereof on the other party.

(2) Where a party who is required by rule 2 to make discovery of documents fails to comply with any provision of that rule, the Court on the application of any party to whom discovery was required to be made may make an order against the first mentioned party under paragraph (1) of this rule or, as the case may be, may order that party to make and file an affidavit verifying the list of documents that party is required to make under rule 2 and to serve a copy thereof on the applicant.

(3) An order under this rule may be limited to such documents or classes of documents only or to such only of the matters in question in the cause or matter, as may be specified in the order.



**Orders for determination of issue, etc., before discovery (O.24, r.4)**

**4**. (1) Where on an application for an order under rule 2 or 3 it appears to the Court that any issue or question in the cause or matter should be determined before any discovery of documents is made by the parties, the Court may order that that issue or question be determined first.

(2) Where in an action begun by writ an order is made under this rule for the determination of an issue or question, Order 25, rules 2 to 7 shall, with the omission of so much of rule 7(1) as requires parties to serve a notice specifying the orders and directions which they desire and with any other necessary modifications, apply as if the application on which the order was made were a summons for directions.

**Form of list and affidavit (O.24, r.5)**

**5**. (1) A list of documents made in compliance with rule 2 or with an order under rule 3 must be in Form No. 16 of the Grand Court Rules – Volume II, and must enumerate the documents in a convenient order and as shortly as possible but describing each of them or, in the case of bundles of documents of the same nature, each bundle, sufficiently to enable it to be identified.

(2) If it is desired to claim that any documents are privileged from production, the claim must be made in the list of documents with a sufficient statement of the grounds of the privilege.

(3) If it is desired to claim that any documents contain confidential information within the meaning of Section 2 of the Confidential Information Disclosure Act (*as amended and revised*), and that the relevant principal in relation to such confidential information is someone other than the party or parties on whom the list of documents is to be served, the claim must be made in the list of documents with a sufficient statement of the grounds of the claim.

(4) Where a claim is made under paragraph (3) of this rule, any party to whom discovery was required to be made may serve a notice on the party making discovery, requiring that party to make an application to the Court under Section 4 of the Confidential Information Disclosure Act *(as amended and revised)*, and such application shall be made within 14 days of receipt of the notice.

**Defendant entitled to copy of co-defendant's list (O.24, r.6)**

**6**. (1) A defendant who has pleaded in an action shall be entitled to have a copy of any list of documents served under any of the foregoing rules of this Order on the plaintiff by any other defendant to the action; and a plaintiff against whom a counterclaim is made in an action begun by writ shall be entitled to have a copy of any list of documents served under any of those rules on the party making the counterclaim by any other defendant to the counterclaim.

(2) A party required by virtue of paragraph (1) to supply a copy of a list of



documents must supply it free of charge on a request made by the party entitled to it.

(3) Where in an action begun by originating summons the Court makes an order under rule 3 requiring a defendant to the action to serve a list of documents on the plaintiff, it may also order the defendant to supply any other defendant to the action with a copy of that list.

(4) In this rule "list of documents" includes an affidavit verifying a list of documents.

## Order for discovery of particular documents (O.24, r.7)

**7**. (1) Subject to rule 8, the Court may at any time, on the application of any party to a cause or matter, make an order requiring any other party to make an affidavit stating whether any document specified or described in the application or any class of documents so specified or described is, or has at any time been in that other party's possession, custody or power, and if not then in that other party's possession, custody or power when that other party parted with it and what has become of it.

(2) An order may be made against a party under this rule notwithstanding that the party may already have made or been required to make a list of documents or affidavit under rule 2 or 3.

(3) An application for an order under this rule must be supported by an affidavit stating the belief of the deponent that the party from whom discovery is sought under this rule has, or at some time had, in the deponent's possession custody or power the document, or class of documents specified or described in the application and that it relates to one or more of the matters in question in the cause or matter.

## Discovery to be ordered only if necessary (O.24, r.8)

**8**. On the hearing of an application for an order under rule 3 or 7 the Court, if satisfied that discovery is not necessary, or not necessary at that stage of the cause or matter, may dismiss or, as the case may be, adjourn the application and shall in any case refuse to make such an order if and so far as it is of opinion that discovery is not necessary either for disposing fairly of the cause or matter or for saving costs.

## Inspection of documents referred to in list (O.24, r.9)

**9**. A party who has served a list of documents on any other party, whether in compliance with rule 2 or with an order under rule 3, must allow the other party to inspect the documents referred to in the list (other than any which the party objects to produce) and to take copies thereof, and, accordingly, the party must when the party serves the list on the other party also serve on that party a notice stating a time within 7 days after the service thereof at which the said documents may be inspected at a place in the notice.



**Inspection of documents referred to in pleadings and affidavits (O.24, r.10)**

**10**. (1) Any party to a cause or matter shall be entitled at any time to serve a notice on any other party in whose pleadings or affidavits reference is made to any document requiring that party to produce that document for the inspection of the party giving the notice and to permit the party to take copies thereof.

(2) The party on whom a notice is served under paragraph (1) must, within 4 days after service of the notice, serve on the party giving the notice a notice stating a time within 7 days after the service thereof at which the documents, or such of them as the party does not object to produce, may be inspected at a place specified in the notice, and stating which (if any) of the documents the party objects to produce and on what grounds.

**Order for production for inspection (O.24, r.11)**

**11**. (1) If a party who is required by rule 9 to serve such a notice as is therein mentioned or who is served with a notice under rule 10(1) —

(a) fails to serve a notice under rule 9 or, as the case may be, rule 10(2); or

(b) objects to produce any document for inspection; or

(c) offers inspection at a time or place such that, in the opinion of the Court, it is unreasonable to offer inspection then, or, as the case may be, there,

then, subject to rule 14(1), the Court may, on the application of the party entitled to inspection, make an order for production of the documents in question for inspection at such time and place, and in such manner, as it thinks fit.

(2) Without prejudice to paragraph (1), but subject to rule 14(1) the Court may, on the application of any party to a cause or matter, order any other party to permit the party applying to inspect any documents in the possession, custody or power of that other party relating to any matter in question in the cause or matter.

(3) An application for an order under paragraph (2) must be supported by an affidavit specifying or describing the documents of which inspection is sought and stating the belief of the deponent that they are in the possession, custody or power of the other party and that they relate to a matter in question in the cause or matter.

**Provision of copies of documents (O.24, r.12)**

**12**. (1) Any party who is entitled to inspect any documents under any provision of this Order or any order made thereunder may at or before the time when inspection takes place serve on the party who is required to produce such documents for inspection a notice (which shall contain an undertaking to pay the reasonable charges) requiring the party to supply a true copy of any such document as is capable of being copied by photographic or similar process.



(2) The party on whom such a notice is served must within 7 days of receipt thereof supply the copy required together with an account of the reasonable charges.

(3) When a party fails to supply to another party a copy of any document under paragraph (2), the Court may on the application of either party, make such order as to the supply of that document as it thinks fit.

### Order for production to Court (O.24, r.13)

**13**. At any stage of the proceedings in any cause or matter the Court may, subject to rule 14(1), order any party to produce to the Court any document in that party's possession, custody or power relating to any matter in question in the cause or matter and the Court may deal with the document when produced in such manner as it thinks fit.

### Production to be ordered only if necessary, etc. (O.24, r.14)

**14**. (1) No order for the production of any documents for inspection or to the Court or for the supply of a copy of any document shall be made under any of the foregoing rules unless the Court is of opinion that the order is necessary either for disposing fairly of the cause or matter or for saving costs.

(2) Where on an application under this Order for production of any document for inspection or to the Court or for the supply of a copy of a document privileged from such production or supply is claimed or objection is made to such production or supply on the ground that it contains confidential information or on any other ground, the Court may inspect the document for the purpose of deciding whether the claim or objection is valid.

### Production of business books (O.24, r.15)

**15**. (1) Where production of any business books for inspection is applied for under any of the foregoing rules, the Court may, instead of ordering production of the original books for inspection, order a copy of any entries therein to be supplied and verified by an affidavit of some person who has examined the copy with the original books.

(2) Any such affidavit shall state whether or not there are in the original books any and what erasures, interlineations or alterations.

(3) Notwithstanding that a copy of any entries in any book has been supplied under this rule, the Court may order production of the book from which the copy was made.

II. DISCOVERY BY ORAL EXAMINATION

### Order for Discovery by Oral Examination (O.24, r.16)

**16**. (1) In an action begun by Writ, the Court may make an order for discovery by oral examination of any party or, if the party is a body corporate, any officer thereof.



(2) On the hearing of an application for an order under this rule, the Court may make such an order if and so far as it is of opinion that discovery by oral examination is necessary either for disposing fairly of the cause or matter or for saving costs.

(3) An order shall not be made under this rule until after the parties have given discovery of documents in accordance with rules 2 or 3 or until after the Court has determined in accordance with rule 8 that discovery of documents is not necessary.

(4) An order for examination under this rule shall specify —

   (a) the time and place of the examination;

   (b) the maximum duration of the examination; and

   (c) the party having responsibility for engaging the services of a court reporter.

**Conduct of examination (O.24, r.17)**

**17**. (1) An examination for discovery shall be taken down by a court reporter in the form of questions and answers and the transcript shall be certified as an accurate transcription by the court reporter.

(2) The court reporter shall record the names and addresses of all the persons present and the time(s) at which the examination commenced and finished.

(3) The examination shall be done under oath and the court reporter shall be empowered to administer the oath.

(4) The examination of a person for discovery shall be in the nature of a cross-examination and the person examined may be re-examined on that person's own behalf or on behalf of another party not adverse in interest to that person in relation to any matter respecting which that person has been examined.

(5) Documents referred to during an examination for discovery shall be retained by the parties and shall be exhibited to the transcript only if all parties agree that it is necessary to do so.

(6) Unless the Court otherwise orders, a person being examined for discovery shall (subject to any claim of privilege) answer any question within that person's knowledge or means of knowledge regarding any matter in question in the action and is compellable to give the names and addresses of all persons who reasonably might be expected to have knowledge relating to any matter in question in the action.

(7) A person ordered to be examined for discovery shall take all such steps as may be reasonably necessary to inform themselves of the matters in question in the action and the examination may be adjourned for that purpose.



(8) Where a person under examination objects to answering any questions put to the person, or if objection is taken to any such question, that question, the ground for the objection and the answer to the question to which objection is taken must be taken down and recorded.

(9) The validity of the ground for objecting to answer any such question or for objecting to any such question shall be decided by the Court.

(10) If the Court decides against the person taking the objection it may order the person to submit to further examination and to pay the costs occasioned by that person's objection.

**Use of transcripts (O.24, r.18)**

**18**. (1) Certified copies of transcripts of oral examinations for discovery (which may be ordered by any party) shall be served on all the parties to the action within 14 days after completion of the transcript of the examination.

(2) At the trial of an action any party may use in evidence as part of that party's case, if otherwise admissible, the whole or part of the examination for discovery of a party having an adverse interest (the "adverse party") in the following manner.

(3) A party may read in evidence as part of that party's case, any portion of any adverse party's discovery, subject to the court ordering that any further passage should be read in, as a matter of fairness, to fully explain or qualify any answer given.

(4) A party may put to an adverse party in cross examination any questions and answers contained in the transcript of the adverse party's examination.

(5) If the adverse party does not testify personally or call any evidence, then the other parties may read in evidence any portion of the transcript of adverse party's examination, as evidence for that party's case, subject to the court ordering that any further passage should be read in, as a matter of fairness, to fully explain or qualify any answer given.

III. GENERAL PROVISIONS

**Disclosure which would be injurious to public interest: saving (O.24, r.19)**

**19**. The foregoing provisions of this Order shall be without prejudice to any rule of law which authorises or requires the withholding of any document or information on the ground that the disclosure of it would be injurious to the public interest.

**Failure to comply with an order for discovery (O.24, r.20)**

**20**. (1) Where the Court has made an order for discovery (either of documents or by way of oral examination) against any party and such party fails to comply, the



    Court may make such order as it thinks just, including, in particular, an order that the action be dismissed or, as the case may be order that the defence be struck out and final judgment entered accordingly.

(2) If any party against whom an order for discovery is made fails to comply with it, then, without prejudice to paragraph (1), the party shall be liable to committal or, where the party is a body corporate, its responsible officer(s) shall be liable to committal.

(3) Service on a party's attorney of an order for discovery made against that party shall be sufficient service to found an application for committal of the party disobeying the order but the party may show cause in answer to the application that the party had no notice or knowledge of the order.

(4) An attorney on whom an order made against that attorney's client is served and who fails without reasonable excuse to give notice thereof to that attorney's client shall be liable to committal.

**Revocation and variation of orders (O.24, r.21)**

**21**. Any order made under this Order (including an order made on appeal) may, on sufficient cause being shown, be revoked or varied by a subsequent order or direction of the Court made or given at or before the trial of the cause or matter in connection with which the original order was made.

**Use of documents and transcripts (O.24, r.22)**

**22**. Any undertaking, whether expressed or implied, not to use a document or transcript for any purposes other than the proceedings in which it is disclosed or made shall cease to apply to such document or transcript after it has been read to or by the Court, or referred to in open Court, unless the Court for special reasons has otherwise ordered on the application of a party or of the person to whom the document belongs or by whom the oral evidence was given.

GCR 1995 (Revised) (amended 08.09.03)

